## HALL *vs.* J. & D. BERGEN.

The plaintiff purchased of the defendants one half of a mare, for $800, the defendants retaining the ownership of the other half. It was stipulated, as part of the contract of sale, that the mare should, on or before the 15th of August then next, trot in harness around the Rochester Union Course in 2 minutes and 34 seconds; and in case she failed, or was unable to perform, that then the defendants should deduct or pay back to the plaintiff one half of such sum as such failure might detract from the market value of said mare. In an action upon this provision, to recover back the sum specified, on an allegation of a failure of the mare to perform; *Held*, that the agreement was in the nature of a stake or wager upon a race, or trotting match against time, and was therefore void by statute.

THIS was an appeal by the plaintiff from a judgment entered upon the report of a referee. The complaint alleged that on the 24th day of May, 1851, the plaintiff and the defendants, at Rochester, entered into an agreement in writing, whereby the defendants, in consideration of eight hundred dollars to them in hand paid by the plaintiff, did sell and convey to the plaintiff the one undivided half of a certain brown or bay mare, six years old, called Crabb, then at the stables of Darius Tallman, in the town of Irondequit, in the county of Monroe; that the defendants did, in and by said agreement, further agree to and with the plaintiff that they, the said defendants, would allow and pay to said plaintiff one half of the expenses which the plaintiff might be put to or incur for the keeping, training and fitting said mare; and that, on or before the fifteenth day of August then next, the said mare should trot around the Rochester Union Course in two minutes and thirty-four seconds; and in case she failed, or was unable to perform, then the defendants should deduct or pay back to the plaintiff one half of such sum as such failure might detract from the market value of said mare; and in case any accident or other disability should befall said mare between the date of said contract and the said fifteenth day of August, then such trial or trot should be made as soon thereafter as said mare should be put in condition. The plaintiff then alleged that said mare could not, nor did she, between the date of said contract and the said fifteenth day of August thereafter,

Hall *v.* Bergen.

or at any other time up to the commencement of this suit, trot around the said course in two minutes and thirty-four seconds, although she had repeated and sundry trials to effect the same, in good and skillful hands, and at the time of such trials was in good condition, and no accident or other disability had befallen said mare; but that the said mare could not perform or trot around the said course in two minutes and thirty-four seconds, but on the contrary thereof, she could not trot around said course in less than two minutes and forty-five seconds; and the plaintiff alleged that by reason of the said mare failing or being unable to trot as aforesaid around the said course, in two minutes and thirty-four seconds, her market value was decreased or detracted from, the sum of twelve hundred dollars. Wherefore the plaintiff demanded judgment for six hundred dollars, together with costs.

The defendants put in an answer, setting out the contract at length, and alleging that if there was any disability in the mare to perform the trot within the time specified in the contract, it was occasioned by the plaintiff's docking her, and the want of proper care, training and treatment by him. The defendants also insisted that the contract between the parties was void, and in violation of the provisions of the revised statutes relative to "betting and gaming," and the "racing of animals." Upon this last ground the referee found, as matter of law, that the contract was void, and that the defendants were entitled to judgment.

*W. F. Cogswell*, for the plaintiff. I. The finding of facts by the referee does not sustain his legal conclusion. Trotting or racing upon an unauthorized race course is not an illegal act. It requires another element to create the illegality, and which is not found, to wit, trotting for a stake or wager. The finding of the referee is in the nature of a special verdict, and if the facts as found do not sustain the legal conclusion, there must be a new trial. It is not for the court to say that the fact might have been fairly found from the evidence. (3 *Comst.* 327. 2 *Id.* 406.) The proof does not show that the horse in question was bought to be used for an illegal purpose. The contract in

question is susceptible of a different construction; and immorality or crime are not to be presumed. But suppose that the horse in question was bought for the purpose of being illegally trotted; does that make void the provision of the agreement upon which the plaintiff brings his action? We submit it does not. (1.) A mere illegal purpose does never vitiate a contract. Human law takes cognizance of men's acts and not their motives, and a man's purpose to commit an illegal act is not an offense. This distinction is noticed by Selden, Justice, in *Kreiss* v. *Seligman,* (8 *Barb.* 439.) And an examination of all the cases found in the books will show that not one of them has ever been ruled against the plaintiff upon the mere motive. (2.) A contract connected with the accomplishment of some illegal purpose, which purpose, if carried into effect at all, can only be by a series of independent acts, is void only so far as it is carried into effect. (7 *Grattan's Rep.* 1, 17, 18.) (3.) When the different stipulations of an agreement are severable, and some are inseparably connected with the accomplishment of an illegal purpose and others not, such only will be void as are immediately and necessarily connected with the illegal purpose. (*Chit. on Contracts,* 693. 5 *Taunt.* 727.) And all that may be referred to and have full operation, in connection with laudable objects, will be sustained. These are familiar principles. In the light of these principles, we submit, 1st. That the purpose, unexecuted, to use their horse to be illegally trotted, vitiated nothing of this contract, that might be referred to an innocent subject. (*Chit. on Contracts,* 659.) This purpose might be repented of the next day, and the horse put to the plow or the carriage. 2d. The illegal purpose was one that had to be carried into effect by a series of independent acts, *de dies in diem,* and the *locus pœnitentiæ* was afforded at each moment of time. 3d. The covenant upon which the plaintiff brings his suit is not connected with the illegal trotting of the mare. It is referable to her market value as a horse, for all the honest purposes for which a horse is to be used. It is the depreciation of her *market value* that was to be made good by the covenant; not any losses that might have been met with by racing her, or expense incurred by fitting her

for such race. Either the whole and every part of this agree-
ment is void, or it is not. Is the whole of it void? Did the
plaintiff get no title to the mare by the covenant? Was the con-
tract of warranty of soundness and gentleness void? Was there
such a viciousness about it as cut it up root and branch? If so,
then of course the plaintiff cannot recover. But we claim it was
not. Then what part of it was good? Of course, all the inno-
cent parts, all that were not immediately and inseparably con-
nected with the illegal purpose. The contract upon which the
suit is brought is in no wise connected with such illegal pur-
pose. If a stipulation is ambiguous, the court will refer it
to a laudable subject matter rather than to an illegal one. But
the stipulation is not ambiguous. The finding of the referee is
based upon the notion that the whole contract is absolutely void.
Herein, we submit, is error. Every thing that was inseparably
connected with the future illegal purpose, was void; but what-
ever might be made to relate to an honest purpose, will be pre-
served.

*J. C. Chumasero*, for the defendants. The referee decided
correctly that the plaintiff could not recover, for the following
reasons: 1st. The agreement was void, being prohibited by, and
contrary to the provision of the statute relative to the "racing
of animals," and "betting and gaming." (1 *R. S.* 3d ed. 839,
§ 8 *Id.* 846, § 44.) 2d. The contract proved, being one which in
its execution would contravene the *policy* and the *spirit* of the
statute, the same was equally void, as if made against its posi-
tive provisions. (*Hunt* v. *Knickerbacker*, *opinion of Thomp-
son, J.*, 5 *John.* 327. 2 *Caines*, 149. *Leavitt* v. *Palmer*, 3
*Comst.* 26, *and cases there cited. Kimenes* v. *Jacques*, 6 *D.
& East*, 499.) 3d. The making and execution of the contract
being an attempt to contravene the *policy* of the statute, it was
illegal and void, although the statute might contain no express
prohibition of such attempt. No right could be derived from
any such agreement, and the court would not lend its aid to en-
force any contract entered into, with the view of such interven-
tion, or of carrying into effect any thing prohibited by law, or

Hall v. Bergen.

any illegal transaction, or any thing connected therewith. (*Hall* v. *Mullen*, 5 *Har. & J.* 193. 3 *McLean*, 212. 7 *S. & M.* 380. *Sharp* v. *Teese*, 4 *Halsted*, 352. *Wheeler* v. *Russell*, 17 *Mass.* 258. 4 *Dall.* 298.) 4th. The agreement being void in several of its important and material provisions, was void *in toto.* (*Goodrich* v. *Downs*, 6 *Hill*, 438. 5 *N. Hamp.* 195. 6 *Id.* 225. *Roberts* v. *Morrison*, 11 *N. Y. Leg. Obs.* 60. 15 *Pick.* 159.) 5th. The agreement itself was nothing more nor less than an express wager; the amount, if any, to be paid to the plaintiff, depending solely on the fact, whether the mare could trot one mile in two minutes and thirty-four seconds, and was in effect a bet upon her speed. 6th. The referee found, as matter of fact, that the subject matter of the contract was illegal and a contravention of the statute; and such finding is final. (*Thorn* v. *Blanchard*, 5 *John.* 508. *Howard* v. *Thompson*, 21 *Wend.* 319. *Hastings* v. *Lusk*, 22 *Id.* 410. *O'Donaghue* v. *McGovern*, 23 *Id.* 26. *Suydam* v. *Moffat*, 1 *Sand.* 459. *White* v. *Nichols*, 3 *Howard's U. S. R.* 266. *Chit. on Contracts*, 713. 2 *Scott*, 712. *Brogden* v. *Marriott*, 3 *Bing. N. C.* 88.)

*By the Court*, JOHNSON, J. Though differently inclined upon the argument, a careful review and consideration of the provisions of the contract, and particularly that upon which the action is founded, have satisfied me entirely that the referee was right in his conclusions, and that it is in the nature of a stake or wager, and consequently void by statute. The plaintiff paid $800 for one half the animal, and, after the contract, owned her as tenant in common with the defendants. It is then provided, as part of the contract of sale, that the mare shall, on or before the 15th of August next, trot in harness around the Rochester Union Course in two minutes and thirty-four seconds; and in case she fails or is unable to perform, that then the defendants shall deduct or pay back to the plaintiff one half of such sum as such failure may detract from the market value of said mare. The action is brought upon this provision, to recover back, the complaint alleging a failure of the mare to perform, after repeated trials. Here, a trial of speed is agreed upon, and the right of

Hall *v.* Bergen.

action rests solely upon the failure of the animal, on such trial, to make the distance within the time. What is this but a race —a trotting match against time? Whether the plaintiff was entitled to any thing or not, depends entirely upon the result of this trial of speed. And it is clear, I think, that this is nothing more nor less than a wager of an uncertain amount, under the guise and formality of a contract of sale. The contract is skillfully drawn, but the drapery does not conceal the vicious principle from careful observation. The case, in this aspect, does not differ in principle from that of *Brogden* v. *Marriott*, (3 *Bing. N. C.* 88.) That was an action upon a contract for the sale of a horse, by which the plaintiff was to give two hundred pounds if the horse trotted eighteen miles within the hour, and only one shilling if he failed. The action was for the non-delivery of the horse upon the contract. It was held, on motion in arrest, that the agreement was in the nature of a wager, and was void upon its face within the statute 9 *Anne*, *ch.* 14, against betting and gaming. That case covers this entirely. The provision in question is not a mere warranty of the capacity or qualities of the animal. It is more. It is an agreement to forfeit and repay the price advanced, or a portion of it, in case she fails to perform. It is staked upon the result of the trial of her speed. Such being the nature and legal import of this portion of the contract, it is unnecessary to look beyond its terms, to the conduct of the parties, for the purpose of ascertaining their purposes and intentions. As a contract or security for the repayment of money thus advanced, it is void by statute, (1 *R. S.* 663, § 16,) and courts will lend no aid to enforce it. The judgment of the special term must therefore be affirmed.

[MONROE GENERAL TERM, December 4, 1854. *Johnson, Welles* and *T. R. Strong*, Justices.]