## COWDREY *a.* CARPENTER.

*New York Superior Court; General Term, December*, 1863.

UNLAWFUL STIPULATION.—AGREEMENT FOR A CERTAIN DECISION BY THE COURT.

An agreement to pay liquidated damages, in the event that in a suit then pending the court shall fail to make an order with a specified provision affecting substantial interests, is void. If it contemplate an order which would be inequitable or contrary to settled practice, it is against public policy; and even if it contemplate an order such as is usual to make in like cases, it is in the nature of a wager, and prohibited by the Statute of Betting and Gaming.

Thus where a party to a suit for the foreclosure of a mortgage of real property, on assigning a junior mortgage which covered only a part of the same premises, stipulated with his assignee that the order of sale in the foreclosure should direct the property not covered by the junior mortgage to be first sold for payment of the prior mortgage,—

*Held,* that the stipulation was void, and the assignee could not recover liquidated damages provided by it, upon its breach, by the making of an order not containing any such provision, and the sale of the whole premises without producing enough to pay the junior mortgage.

Appeal from a judgment entered upon a verdict, recovered by the plaintiff on a trial before Mr. Justice MONCRIEF and a jury, on the 12th of May, 1862.

The action was brought by Nathaniel A. Cowdrey against Jacob Carpenter. The facts were as follows :

In August, 1860, the defendant sold to the plaintiff a bond and mortgage of $2,000. The mortgage covered two lots of land in this city. It was made by one Coit to E. H. Hawke, the defendant's assignor. There was a prior mortgage of $5,000 covering the two lots, and also other property adjoining. This prior mortgage was made by B. W. Bonney to Alfred Roe. At the time of the sale to the plaintiff of the $2,000 mortgage, this prior mortgage was being foreclosed, by suit brought for the purpose, to which Carpenter was a party defendant. Carpenter, upon the sale of the $2,000 mortgage to the present plaintiff, agreed with him "that the order of sale under the foreclosure proceedings on said five thousand dollar mortgage shall require the other property not covered by the $2,000 mortgage to be first sold, and the proceeds applied to the satisfaction of said five thousand dollar mortgage."

The $5,000 mortgage was foreclosed, and the whole premises were sold together. There was no provision or direction in the order of sale requiring the other property not covered by the $2,000 mortgage to be sold first.

There was a surplus, after satisfying the $5,000 mortgage, principal, interest, and costs, of $783.25, which the plaintiff received. Thereupon he brought this action to recover the residue from the defendant.

The judge charged the jury that the plaintiff was entitled to recover the $2,000 which in the agreement he had agreed to pay as liquidated damages, if said order did not contain the direction aforesaid, less the amount of surplus moneys he had received.

The defendant excepted, and appealed from the judgment.

*A. R. Dyett*, for defendant, appellant.

*F. N. Bangs*, for plaintiff, respondent.

By the Court.*—Monell, J.—If the contract is valid, the plaintiff is entitled to recover the $2,000, as damages liquidated.

---

* Present, Bosworth, C. J., White and Monell, JJ.

and agreed upon by the parties. The damages relate to a single breach or default; they were entirely uncertain, and were the proper subject of liquidation by the parties; they were so liquidated, and hence are not a penalty. (Clement *a.* Cash, 21 *N. Y.*, 253.)

If the defendant's contract is to be deemed a promise that he would procure an order of sale containing the stipulated provision, it is a contract which he had not the power to perform; and this must have been known to both parties. If it is to be regarded as a contract to induce the court to make an order which was inequitable or contrary to its settled practice, it is illegal and void.

It is to be inferred, probably, that Mr. Bonney, when he gave the $5,000 mortgage to Roe, owned all the lots covered by it. But it does not appear whether he first aliened the two lots mortgaged to Hawke, or the other lots. There is nothing to show affirmatively that he ever conveyed any of them. It may be inferred that Coit could not have mortgaged the two lots without having the title. If the two lots were first aliened, then the other lots might have been ordered to be first sold. (Rathbone *a.* Clark, 9 *Paige*, 648).

We must presume the court made the order of sale according to its established practice in such cases. There is nothing in the case from which we can arrive at a different conclusion; and as the facts do not leave it open for the suggestion that the established practice of the court was not followed, the defendant has presumptively contracted that the court would make an order contrary to its established practice, or an inequitable order. Such a contract would be void.

A promise to pay $2,000, or any other sum, as liquidated damages, in the event that in a suit then pending the court shall fail to make an order, with a specified provision, affecting substantial interests, we think is contrary to public policy, and therefore void. If the order stipulated for be such as it has been usual to make in like cases, then the contract is a wager, that, in the case covered by the contract, the court will decide in a particular manner. Such a contract is void.

Whether such a contract would have been void at the common law, is perhaps not clear; but under our statute (1 *Rev. Stat.*, 662, § 8), all wagers, bets, or stakes made to depend upon

any lot, chance, casualty, or unknown or contingent event whatever, are declared to be unlawful. Independently, therefore, of its being a contract opposed to public policy, I think it is also in the nature of a wager, and prohibited by statute. (Hall a. Bergen, 19 Barb., 122).

We think the learned judge erred in his direction to the jury, and that he should have dismissed the complaint.

The judgment must be reversed, and a new trial granted, with costs to abide the event.