Warren *v.* Boynton.

---

RENSSELAER SPECIAL TERM, September, 1847.
*Harris,* Justice.

WARREN *vs.* BOYNTON and others.

Where a mortgagor's equity of redemption in the mortgaged premises was conveyed by him to trustees for the benefit of creditors, who sold such premises at auction; a portion being sold to V. free of incumbrances, and the remainder being sold to S. chargeable with the payment of the mortgage, who subsequently sold a small part thereof to F. and N.; *Held* that on a bill being filed against the mortgagor and the purchasers, to foreclose the mortgage, S. was not chargeable personally with the costs of V., on the ground of being bound, in equity, to indemnify V. against all expenses incurred in defending the portion of the premises so purchased by him. But that V. was entitled to a decree directing that the part of the premises purchased by S. at the sale should be first sold, and after paying, out of the proceeds, the expenses of the sale, that the amount due the plaintiff, for debt and costs, be first paid, and then the costs of V., and lastly the costs of F. and N. And that if the proceeds of those premises should be insufficient to pay the plaintiff's debt and costs and the costs of V., then that the part of the premises purchased of S. by F. and N. should be next sold for that purpose; and if a deficiency should still remain, then that the premises purchased by V. should be sold to pay such deficiency.(*a*)

IN EQUITY. The bill in this cause was filed to foreclose a mortgage executed by the defendant Boynton to one Haskins. After the execution of the mortgage, Boynton conveyed his equity of redemption in the mortgaged premises to trustees for

(*a*) Affirmed, at the general term in Albany, January 3d, 1848. Present Harris, Watson and Parker, Justices.

Warren *v.* Boynton.

the benefit of creditors. The trustees sold the premises at auction. They first put up for sale a house and lot, and it was publicly stated that it would be sold free of incumbrances. The defèndant Vandenburgh became the purchaser. The residue of the mortgaged premises were then sold, and it was also publicly stated that they would be sold subject to the plaintiff's mortgage. The defendant Slade became the purchaser. Quit claim deeds were executed to the purchasers respectively, by the trustees. No mention of the incumbrance was made in either deed. Subsequently Slade sold and conveyed to the defendants Fake and Norton a small piece of the land purchased by him. It appeared that he had agreed to execute to them a warranty deed; but the deed in fact executed by him contained no covenants of warranty.

*R. Christie, Jr.* for the plaintiff.

*D. Buel, Jr.* for Fake and Norton and Vandenburgh.

*J. Romeyn,* for Slade.

HARRIS, J. It is insisted on behalf of the defendant Vandenburgh, that as his portion of the mortgaged premises was sold free of incumbrances, and as it was expressly understood at the time of the sale, that Slade's portion was to be chargeable with the payment of the plaintiff's mortgage, Slade is in equity bound to indemnify Vandenburgh; and that he having been obliged to come into court and prove the circumstances attending the sale by the trustees, in order to protect his own property, Slade ought to be charged personally with the costs he has thus been obliged to incur.

If Slade had resisted the claim made by Vandenburgh to have that part of the premises purchased by Slade first sold to satisfy the plaintiff's mortgage, there might have been some reason for charging Slade with the costs. But he has suffered the bill to be taken as confessed, and does not now deny that his portion of the premises is first chargeable with the payment

of the mortgage. I do not think, therefore, that he should be personally charged with any part of the costs. He purchased Boynton's equity of redemption with full knowledge of the plaintiff's mortgage, and subject to the further condition that the portion of the premises purchased by him was to be first liable for the satisfaction of the mortgage. He in effect agreed that his part of the premises should be liable to indemnify Vandenburgh against the lien of the mortgage upon that part of the premises purchased by him. But he did not agree to become personally liable for the payment of the mortgage, or to indemnify Vandenburgh. The latter would have had the right, in order to relieve his own property from the incumbrance of the mortgage, to file a bill against Slade and the plaintiff, for the purpose of having the mortgage paid off, or of having the premises purchased by Slade subject to its payment sold, to satisfy the mortgage. In such case, the costs of the proceeding would, I think, have been chargeable upon the premises liable in equity for the payment of the mortgage and the indemnity of Vandenburgh. And I see no reason why, upon this bill filed by the owner of the mortgage to have it satisfied, the premises liable in equity to indemnify Vandenburgh should not be charged with the payment of the costs he has necessarily incurred in protecting his equitable rights. For the same reason, I think Fake and Norton are entitled to indemnity, so far as it can be provided, out of the proceeds of the premises retained by Slade when he sold to them.

The decree in this case must, therefore, contain special instructions to the officer making the sale, directing him first to sell that part of the mortgaged premises purchased by Slade at the trustees' sale, except so much as was subsequently sold to Fake and Norton, and after paying out of the proceeds, the expenses of the sale, that the amount due the plaintiff for debt and costs be first paid; then the costs of the defendant Vandenburgh; and lastly the costs of the defendants Fake and Norton. If the proceeds of the premises shall be insufficient to pay the plaintiff's debt and costs, and the costs of the defendant Vandenburgh, then that part of the mortgaged premises sold

by Slade to Fake and Norton is to be next sold for that purpose ; and if after applying the proceeds of that parcel, a deficiency still remains due to the plaintiff, then the premises purchased by Vandenburgh, at the trustees' sale, are to be sold to pay such deficiency.

If the parties prefer it, the decree may name some suitable person as referee to make the sale, instead of the sheriff.

SAME TERM.    *Before the same Justice.*