1842.

Rathbone
v.
Clark.

---

RATHBONE and others *vs.* CLARK and others.

In a foreclosure suit, where some of the defendants, who claim the equity of redemption in distinct parcels of the mortgaged premises, put in answers insisting that their portions of the premises should only be sold in case the residue is insufficient to pay the debt and costs, and other defendants suffer the bill to be taken as confessed, the court does not settle the order of sale without notice to all the parties interested : but will direct, in the decree, that the master sell the premises in the inverse order of alienation of the several parcels, and according to equity as between the several defendants.

Where two tenants in common mortgage the land held in common, for a joint debt, and afterwards make partition of the equity of redemption between themselves, the portion of the premises set off to each should be sold for the payment of one half of the debt and costs, in the inverse order of the alienation of the different portions of each half of the premises, subsequent to such partition.

October 4.

THE bill in this cause was filed to foreclose a mortgage given by two tenants in common of the mortgaged premises for a joint debt. Subsequent to the giving of the mortgage the owners of the equity of redemption made partition thereof between themselves, and each afterwards aliened different portions of the premises set off to him in severalty upon the partition. Wilcox, one of the defendants, put in an answer admitting the rights of the complainant, but claiming to have the different portions of the premises sold in a particular manner to protect his equitable rights. And others of the defendants had suffered the bill to be taken as confessed.

*J. Rhoades*, for the complainants.

*E. F. Smith*, for the defendant Wilcox.

The CHANCELLOR said, he could not upon the answer of one defendant, and without notice to other defendants, who owned different portions of the mortgaged premises, settle the order of sale by the master. That the proper decree in such a case, where the rights of the defendants were not set out in the bill and the complainants' right to a foreclosure was not questioned, was to direct the master to sell the mortgaged premises in the inverse order of the alienation of the several parcels, and according to equity as between the several defendants; leaving the master to settle the order of sale upon the principles of equity. That where tenants in common mortgaged for a joint debt due from both, for the payment of which debt both were equally liable as between themselves, and afterwards made partition and aliened their several shares in different parcels, the share of the premises set off to each was chargeable primarily with one half of the debt and costs; and should be sold to raise that half in the inverse order of the alienation of the several portions thereof.

Decree accordingly.