THE ERIE COUNTY SAVINGS BANK, Respondent, *v.* HENRY ROOP, Respondent, and WILLIAM C. SHERWOOD, Appellants, impleaded, etc.

W. C. S. and M. B. S. were each the owner of premises formerly united, which were subject to a mortgage, of which, upon partition, each had assumed and agreed to pay the one-half. W. C. S. paid his portion; M. B. S. conveyed to R., subject to one-half the mortgage, which R. assumed. R. was ignorant of the fact that W. C. S. had paid more than his proportion of the payments already made, and understood and believed he was assuming but the one-half remaining unpaid, and he was allowed but that deduction from the purchase-price. W. C. S., who was to receive a benefit from the sale, was present at the execution of the conveyance, knew R. was taking it with such understanding and belief, and did not inform him of the real facts. In an action brought

to foreclose the mortgage,—*Held,* that the rights and equities of the parties interested in the equity of redemption could properly be litigated and adjusted as between themselves; that W. C. S. was estopped from claiming the exclusive benefits of the payments made by him before R.'s purchase, and that the balance due at the date of the purchase was chargeable equally upon the two parcels of land.

(Argued September 27, 1871; decided January term, 1872.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, affirming a judgment in favor of plaintiff entered on the report of a referee.

The action is for the foreclosure of a mortgage made by Franklin K. Sherwood to the plaintiff, in April, 1855, to secure the payment of $1,200, with interest, on the undivided share of the mortgagor in land situated in Buffalo. The principal contest is between the defendants, Henry Roop and William C. Sherwood, who are the owners of the equity of redemption. These defendants answered the complaint by separate answers, and the other defendants suffered judgment by default.

The defendant Roop claims that his half of the property, which he acquired by deed from Merrill B. Sherwood in March, 1860, is liable for the payment of one-half only of the sum due on the said mortgage on that day, while the defendant William C. Sherwood, by his answer, claims that he has paid one-half of the said mortgage, and that his share of the mortgaged premises should not be sold on the decree of foreclosure until after a sale of the other portion, and then only in case a deficiency shall remain due on the mortgage; that his parcel of land is, in equity, discharged of the lien of the said mortgage; that the savings bank has dealt with him as liable only for the one-half, which he has paid.

The case was referred for hearing and decision, and also to compute the amount due.

The referee reported that there was due on the said mortgage at the date of his report, on the 20th of March, 1866, the sum of $964.63 of principal, and $98.19 for interest. That the interest of Franklin K. Sherwood, the mortgagor

in the premises at the execution of the mortgage, was that of an owner in fee of an undivided eight thirty-fifths. That the said Franklin K. Sherwood, in November, 1855, conveyed his said interest to Merrill B. and William C. Sherwood, subject to the said mortgage of $1,200, which they assumed to pay. That in December, 1859, the several tenants in common conveyed one parcel of the premises described in the said mortgage in severalty to William C. Sherwood, and another parcel to the said Merrill B. Sherwood, each of the conveyances being made expressly subject to the said mortgage, which the said grantees assumed and agreed to pay equally. That in March, 1860, Merrill B. Sherwood conveyed the parcel so conveyed to him to the defendant, Henry Roop, subject to the payment of one-half of the moneys secured to be paid by the said mortgage, which the said Roop assumed to pay. That the consideration of the said conveyance to Roop was $7,000, to wit, $3,917 money paid or secured to be paid by Roop to said Merrill B. Sherwood, and the balance by assuming one mortgage of $2,500 made by George Sherwood, and one-half of the money secured to be paid by the said mortgage in suit. · That Roop did not know that William C. Sherwood had paid more than his proportion of the money previously paid on said mortgage. That he then understood and believed that the amount unpaid thereon, which he was assuming to pay, was one-half the whole sum then unpaid, and he did not intend to assume the payment of any part of the money theretofore advanced by William C. Sherwood. That William C. Sherwood was present at the execution of the conveyance from Merrill B. Sherwood to Roop, and knew that he was taking the conveyance upon such understanding and belief, in relation to said mortgage and the amount assumed by him, and did not inform him (although the said William C. was aware of it) that he had advanced more than his proportion of the payments theretofore made, or in any way intimate to him that said premises were legally or equitably subject to the payment of more than one-half of the money then actually unpaid on said mortgage.

The referee found as his conclusions of law that the plaintiff was entitled to the usual judgment of foreclosure and sale, and payment of the amount due, with costs, and the expenses of the sale out of the proceeds, and for judgment against Franklin K., Merrill B. and William C. Sherwood and Henry Roop for any deficiency arising on the sale. That, as between Henry Roop and William C. Sherwood, the premises so conveyed to each of them in severalty are equitably subject to the following proportions of the amount so found due, to wit: those of Henry Roop to the sum of $633.64, and those of Sherwood to $429.83. That the premises belonging to each be separately sold to pay such sums respectively, together with one-half the costs and expenses of the action and sale.

The counsel for the defendant Sherwood excepted to the decision. He requested that the referee should find that the whole sum remaining due, with the interest, be charged on the parcel of the mortgaged premises belonging to Henry Roop; or that the parcel of Roop should be first sold, and the action as against Sherwood be dismissed.

The referee refused to hold either of the said propositions, and the counsel for the said Sherwood excepted.

The said William C. Sherwood introduced in evidence the deed from Merrill B. Sherwood to Henry Roop, from which it appeared that the consideration therein named was $3,917, and that Roop assumed the payment of a mortgage made by George Sherwood, and one-half of the money secured by the mortgage in suit; the amounts of the said mortgages were not mentioned in the deed. The counsel for the defendant Sherwood objected to the admissibility of oral evidence, that the consideration of the said deed was in fact $7,000, or that the amount of the mortgage made by George Sherwood, mentioned in the deed, was $2,500 with some interest. The referee overruled the objections, and the said counsel excepted.

The counsel for said William C. Sherwood also objected to the admissibility of evidence tending to prove that Henry

Roop did not know that William C. Sherwood had paid on the mortgage of Franklin K. Sherwood more than his proportion, and that he did not understand or believe that he was assuming any more than half of the sum then due, and that William C. Sherwood did know it, and was present at the execution of the conveyance to Roop, and knew the understanding or belief that Roop had in that respect, and did not intimate that the premises were legally or equitably subject to the payment of any more than one-half of the sum then actually unpaid.

The said objection was on the ground: 1. That it was immaterial and irrelevant, there being no issue on the subject.

2. That the evidence tended to vary the legal effect of the deeds.

3. That these facts did not affect the rights of William C. Sherwood.

The referee overruled the objection, and the said counsel excepted.

It was also deducible from the said report, that the whole sum due on the mortgage in suit, at the time of the conveyance to Roop, for principal and interest, was the sum of $1,050, and that the payments by Sherwood were equal to one-half of the principal and interest secured by said mortgage.

Judgment was entered for foreclosure and sale, etc., upon the said report.

The defendant Wm. C. Sherwood appealed to the General Term of the said Superior Court, where the judgment was affirmed. The said defendant thereupon appealed to the Court of Appeals.

*Greene & Bryant* for the appellants. Wm. C. Sherwood had the right to pay off his half of the mortgage debt, and when he did so his land was discharged of the lien, although no release was given. (5 Cow., 671; 1 Paige, 181; 26 Wend., 541; 23 Barb., 490; 21 N. Y., 343; 21 id., 556; 18 J., 7; 34 Barb., 612; 11 J., 219.) The bank had notice of his right

and were bound to act upon it. (22 Barb., 54; 4 Seld., 271; 4 J. Ch., 425, 450; 4 id., 545.) An extrinsic issue of this kind cannot be raised and litigated in an action for foreclosure. (*Smart* v. *Bemrel*, 3 Keyes, 241.) The silence of Wm. C. Sherwood did not estop him from asserting his rights. (5 Den., 154; 5 N. Y., 401; 9 Barb., 615; 5 Duer, 507; 28 Me., 525.)

*Geo. Wadsworth* for respondent Roop. The consideration clause of a deed is not within the rule excluding parol evidence to contradict or vary a writing. (*Adams* v. *Hull*, 2 Denio, 306; *Jackson* v. *Schoonmaker*, 2 John., 230; *Whitbeck* v. *Whitbeck*, 9 Cow., 266; *McCrea* v. *Purmort*, 16 Wend., 460; *Bowen* v. *Bell*, 20 Johns., 338; and see Cowen & Hill's Notes, p. 1441, note 964, p. 549; *Stackpole* v. *Robbins*, 47 Barb., 212; *Wheeler* v. *Billings*, 38 N. Y. R., 263.) Any uncertainty in the construction of any clause in a deed is to be construed in favor of grantee. (*Glover* v. *Shields*, 32 Barb., 374; *L. I. R. R.* v. *Conklin*, 32 Barb., 381.) As between defendants, Sherwood and Roop, the equity is to charge the share of each with half. (*Rathbone*, v. *Clark*, 9 Paige, 648; *Jumel* v. *Jumel*, 7 Paige, 59.) The conduct of Sherwood makes the case one of estoppel *in pais*. (Hill. on Mort., 2d ed., vol. 1., pp. 576, 577, note *b;* vol. 2, pp. 137, 467; Broom's Legal Maxims, 219; Leading Cases in Eq., 3d ed., vol. 2, p. 64, side p. 20; 1 Story's Eq. Jur., §§ 385, 387; *Hall* v. *Fisher*, 9 Barb., 17, and see 4 Kent's Com., side page 261 and notes; *M. and O. Bank* v. *Hazard*, 30 N. Y., 226.) The question is properly disposed of in this action. (Code, § 274, sub. 1; *Norbury* v. *Castle*, 4 How., 73; *Bogardus* v. *Parker*, 7 How., 305; *Renwick* v. *Macomb*, 1 Hop. Ch., 277.)

*E. C. Sprague* for respondent, the plaintiff. No modification should be made of the judgment to affect plaintiff's conceded rights. (*Ferguson* v. *Kimball*, 3 Barb. Ch., 616, 620.)

Leonard, C. The referee has charged the amount due on the mortgage in suit, at the date of the conveyance from

Merrill B. Sherwood to the defendant Roop, equally upon the parcels of land owned by Roop and William C. Sherwood. This has been done upon the principle of *estoppel in pais*, or deceit. The case shows, even more plainly than the statement of the referee in his findings of fact, that Roop was acting upon the belief that he and William C. Sherwood were liable for the payment of the said mortgage in equal shares, and that their respective parcels of land were chargeable in the same proportions. Such was not the truth, as between William C. and Merill B. Sherwood; William C. Sherwood had paid much more of the principle and interest than Merrill B. In fact, the latter had paid nothing on account of principle. William C. Sherwood was entitled to be subrogated to the rights of the savings bank to the extent of such advance, as against Merrill B. Sherwood, at the time of his said conveyance, or to have the sale of the property so managed, in the case of a foreclosure, as to protect his advances on account of the mortgage beyond his equal share or proportion. He was present at the time of the conveyance to Roop. He knew the facts. He would be benefited by having the cash payment of Roop, on account of the purchase price, increased, as the money was to be applied on debts owing by Merrill B., either to him or for which he was liable. He allowed Roop to make his payments under his mistaken and injurious belief as to the facts. He should then have spoken. The principle is too well settled to require the citation of authority, that one cannot stand by in silence when he knows that another is acting upon an erroneous state of facts, and thereafter claim the benefit of the correct state of facts, if such claim will tend to the injury of the other person. Much more is this rule just in a case where, by his silence, he derives an immediate and direct advantage over the injured party. His silence then becomes deceit and fraud. The suppression of the truth, in such a case, has the same effect and is equally culpable with the assertion of a falsehood. The defendant, William C. Sherwood, claims that the issue, not being directly between himself and Roop, as

plaintiff and defendant, the evidence to prove the estoppel or deceit cannot be proven.

He is not wholly consistent in this objection, inasmuch as by his answer he demands that the court shall so adjust the equities of the parties that his parcel of the premises shall be relieved of the lien of the mortgage, for the reason that he has paid his share of it in full. Courts of equity have long exercised the power of directing, in foreclosure actions, the order in which different parcels of the mortgaged premises shall be sold, arising out of the equities of the different parties interested in the equity of redemption as between themselves. (*Rathbone* v. *Clark*, 9 Paige, 648; *Jumel* v. *Jumel*, 7 Paige, 591; *Ferguson* v. *Kimball*, 3 Barb. Ch. R., 616.) The plaintiff has not executed any release or discharge of any portion of the mortgaged premises. The mortgage is a lien in their favor upon the whole property mortgaged. The fact that William C. Sherwood has paid the plaintiff a sum equal to one-half the amount secured, in the absence of an agreement to that effect, does not have the effect to release or discharge the share or interest belonging to him. In the absence of an express agreement, it is simply a payment on account, and he rightly insists that it is the duty of the court, on a foreclosure of the mortgage, to direct that the portion of the premises belonging to him shall not be sold until the other portions of the security have been exhausted. The principle so invoked would have been applicable to his case, had it not been for other facts proven by Roop, constituting a defence to his claim in that respect.

The objection that the evidence of the consideration paid by Roop for the conveyance from Merrill B. Sherwood, and the proportion paid in cash, or by assuming the mortgages thereon, is not well taken. That evidence was part of the case of Roop in showing the deceit or fraud of William C. Sherwood, which would prevent or estop his claim, that neither he nor his share of the property should be held to be subject to the lien of the mortgage, and also to prove that the share of Roop should be primarily liable, as between

himself and William C. Sherwood, for one-half only of the mortgaged premises. The deed was between Roop and Merrill B. Sherwood, and the objection that it was impeaching or impairing the effect of it was not open to William C. Sherwood.

The judgment should be affirmed with costs to the Savings Bank, and to the respondent Roop, against the appellant and his share of the surplus

All concur.

Judgment affirmed with costs to plaintiff, and respondent Roop to be paid out of appellant's share in the surplus, and, in case of deficiency, by him personally.