JOHN VELLUM, Respondent, v. CHARLES DEMERLE, Appellant, Impleaded with Others, Defendants.

*Estoppel — representations as to title — effect. as against an after-acquired title — available to the assignee of the party to whom they are made — facts constituting an estoppel not alleged in the complaint — amendment.*

In 1879 Charles Demerle owned an interest in certain premises, which had been conveyed, in 1874, to himself and Mary, his wife by a deed which contained no statements as to whether Demerle and his wife took the title as joint tenants, tenants in common or tenants by the entirety, and on that day conveyed them to Jacob Wolfe, who reconveyed the premises to Mary Demerle, the wife.

In 1889 Charles Demerle. desiring to purchase a threshing machine from one James Read, represented to Read that his wife, Mary Demerle, owned the premises and offered to give her note for the purchase-price of the machine secured by her mortgage upon the premises, given as collateral thereto.

In reliance upon this statement Read made the sale, and subsequently, in accordance with a previous understanding between himself and Demerle, assigned the note and mortgage given to secure the purchase-price of the machine to John Vellum.

In an action brought by Vellum to foreclose the mortgage Charles Demerle answered, alleging that his wife Mary had died in 1890, and that the premises were held by them during her life as tenants by the entirety; that, upon her death, he became the owner of the fee thereof, and that the mortgage (in which he did not join) did not cover his title to the premises.

*Held,* that whatever might be the effect of the deeds from Demerle to Wolfe, and from Wolfe to Mary E. Demerle, the position taken by Charles Demerle was untenable.

That, by reason of his representations to Read, he was estopped to question the validity of the mortgage.

That, although the representations were made to Read and not to Vellum, the latter took the securities with all the equities which existed in favor of Read.

The complaint did not set forth the facts constituting the estoppel, nor did it appear that the plaintiff knew of the facts when the complaint was drawn.

*Held,* that the plaintiff was entitled to meet the allegations of the answer by proving the facts out of which the estoppel arose.

That the complaint, if necessary, could be amended so as to set forth the facts.

That an amendment, upon the evidence presented in this case, was unnecessary.

Appeal by the defendant Charles Demerle from a judgment of the Erie County Court, entered in the clerk's office of Erie county on the 18th day of February, 1892, granting, after a trial in the Erie County Court before the court, a judgment of foreclosure and sale directing that certain mortgaged premises be sold, and that the

proceeds be applied to the payment of a certain note, to which the mortgage in question was collateral.

*Elihu R. Sherman*, for the appellant.

*William W. Hammond*, for the respondent.

LEWIS, J. :

This is an action to foreclose a mortgage upon real estate. The premises mortgaged were conveyed to the defendant, Charles Demerle and Mary E. Demerle, in 1874. They were, at the time of the conveyance to them, husband and wife, but no mention of that fact was made in the deed to them. On the 4th day of June, 1879, Mr. Demerle executed and delivered to Jacob Wolfe a quit-claim deed of the premises in question, and on the same day Wolfe and his wife conveyed the premises by a quit-claim deed to Mary E. Demerle. These deeds were duly recorded. The record title to the mortgaged premises remained in Mrs. Demerle until the time of her death, which occurred on the 6th day of March, 1890. Mrs. Demerle left her surviving her husband, Charles Demerle, and several children of the marriage. On the 15th day of August, 1889, the defendant, Charles Demerle, requested Mr. James Read to sell him a threshing machine at the price of $950 on credit. And to induce Mr. Read to sell him the machine on credit, Demerle stated and represented to Mr. Read that his, Demerle's, wife was the owner of the premises mentioned ; that he had quit-claimed his interest in the land to his wife, and that she owned the farm. And he promised and agreed that, if Read would sell him the machine on credit, Mrs. Demerle would give her note for the purchase-price, and would secure its payment by a mortgage upon the farm. Read replied to Demerle that he was not in financial condition to hold the note and mortgage himself, but that he would look around for a day or two, and if he could find some one to take the securities he would sell Mr. Demerle the machine. Mr. Read found that the plaintiff would take the securities, and believing Demerle's representations to be true, and relying upon them, sold and delivered the machine to Mr. Demerle, and Mrs. Demerle gave Mr. Read the note and mortgage in question in payment of the machine. And on the twenty-fifth day of November following Read assigned and transferred the note and mortgage to the plaintiff.

The note falling due and not being paid in full, this action was instituted to foreclose the mortgage. Demerle interposed an answer : " That at the time the execution by Mary E. Demerle of the mortgage described in the complaint herein, this defendant and said Mary E. Demerle owned the premises described in said mortgage as tenants by the entirety ; that by the death of said Mary E. Demerle, wife of this defendant, on or about the 4th day of March, 1890, this defendant became the owner in fee of said premises, and this defendant is now the owner in fee of said premises ; that this defendant did not join in the execution of said mortgage, and that said mortgage is not a lien upon said premises." The action came on for trial at a term of the Erie County Court and judgment was directed for the plaintiff for the foreclosure of the mortgage and the sale of the premises, and an appeal was taken therefrom to this court.

It is the contention of the defendant Charles Demerle that as he and his wife held the title to the premises, as tenants by the entirety, that he could not, while his wife was living, convey his interest in the property, and that the deed to Wolfe did not convey any interest in the land thus held by himself and wife, and that upon the death of his wife he became seized of the entire estate free from the lien and incumbrance of the mortgage. Whether this contention be sound or not it is not necessary to consider here, for this judgment, in our opinion, should be affirmed upon the ground that the defendant is estopped from questioning the lien of the mortgage. After making the representations he did to Read, and thereby inducing him to part with his property, he should be held to be estopped from questioning the validity of the mortgage. It would be a miscarriage, certainly, of justice if he could be allowed, after inducing Read to part with his property upon such representations, to set up the invalidity of his wife's title. The owner of the legal title, who acquiesces in the sale of the land by another, and advises and encourages the sale, will be estopped from setting up his title against the purchaser. (*Storrs* v. *Barker*, 6 Johns. Ch., 166 ; *Wood* v. *Seeley*, 32 N. Y., 105.) A party who stands by in silence and permits another to act upon an erroneous state of facts will not be permitted thereafter to set up the truth to the injury of such person. (*Erie County Savings Bank* v. *Roop*, 48 N. Y., 292 ; *Lee* v. *Porter*, 5 Johns. Ch., 268.)

All the knowledge Read had concerning Mrs. Demerle's title, so far as the record before us shows, was derived from his conversation with Demerle heretofore stated. He did not know whether Demerle and his wife held the title to the farm as tenants in common, joint tenants or as tenants by the entirety. Notwithstanding Mr. and Mrs. Demerle sustained the relation of husband and wife to each other, they could have held the title either as joint tenants, tenants in common or tenants by the entirety, depending upon the form of the conveyance under which they got the title. Demerle said to Mr. Read that he had conveyed to his wife, and that she owned the farm. Read was justified in assuming that their title was such that Demerle could convey, as he represented he had, to his wife. Ignorance of the law will not prevent the application of the rule of equitable estoppel. (*Felton* v. *Nelson*, 27 Barb., 595.)

It is suggested by the appellant that the representations were made to Mr. Read, and not to the plaintiff, and that the plaintiff, who afterwards took an assignment of the mortgage, cannot avail himself of the doctrine of estoppel. Read, as we have seen, stated to the defendant that he was not able to hold the securities and give the credit, but if he could find some one who would he would make the trade. And that he did find one who would take the securities, and that he thereafter assigned them to the plaintiff. The plaintiff, we think, took the securities with all the equities that Read had in them.

While the complaint, as is contended by the appellant, fails to state the facts out of which the estoppel arises, it does not appear that the plaintiff was aware of the facts at the time the complaint was drawn. The facts are stated in the defendant's answer. The plaintiff was at liberty to meet these allegations in the defendant's answer by proving the facts out of which the estoppel arose, and, if necessary, the complaint can be amended to meet the facts. But we do not deem it necessary. Plaintiff was entitled to the relief demanded in his complaint on the evidence presented, and the judgment appealed from should be affirmed, with costs.

DWIGHT, P. J., and MACOMBER, J., concurred.

Judgment of the County Court of Erie county appealed from affirmed, with costs.