WALNUT HILL BANK v. NATIONAL RESERVE BANK OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 30, 1910.)

1. BANKS AND BANKING (§ 126*)—DEPOSITS—DRAFTS.

Where defendant bank received a draft drawn on it in favor of another correspondent, with directions to credit the same to the latter's account, and at once gave notice to the latter that the amount had been placed to its credit, such notice was not the equivalent of an actual credit, and de-

fendant was not bound thereby, where the drawer had insufficient funds to cover the draft.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 305; Dec. Dig. § 126.*]

2. BANKS AND BANKING (§ 126*)—DEPOSITS—DRAFTS—CREDIT—ESTOPPEL TO DENY.

Defendant bank received a draft upon it, drawn by a correspondent in favor of plaintiff, another correspondent, and it at once notified plaintiff thereof. No actual credit was made on defendant's books, because the drawer had not sufficient funds to cover the draft. The first information which plaintiff had that the amount had not been credited was when it received a statement of its account with defendant, about three weeks later, and after the drawer had ceased doing business. It did not appear that plaintiff had done anything in reliance upon said notice, or refrained from doing anything to its damage by reason thereof. *Held*, that defendant was not estopped from claiming that it had not credited plaintiff with the draft.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 126.*]

Appeal from Appellate Term.

Action by the Walnut Hill Bank against the National Reserve Bank of City of New York. From a judgment of the Appellate Term, affirming a judgment of the City Court in favor of plaintiff, defendant appeals. Reversed, and new trial granted.

See, also, 65 Misc. Rep. 315, 121 N. Y. Supp. 892; 125 N. Y. Supp. 1149.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Royall Victor, for appellant.
Charles H. Payne, for respondent.

SCOTT, J. This is an appeal from a determination of the Appellate Term, affirming a judgment of the City Court in favor of the plaintiff. The action is for a sum claimed to have been on deposit with defendant to the credit of plaintiff. The facts are not disputed. In January, 1909, the plaintiff and the Merchants' & Farmers' Bank of Lewisville were both banking institutions in the state of Arkansas, and were both correspondents of and depositors with the defendant, then known as the Consolidated National Bank. On or about January 8, 1909, the Merchants' & Farmers' Bank remitted to defendant its check or draft for $1,000, drawn upon defendant and to its order, with accompanying instructions or advice to credit the same to plaintiff's account. This draft and instructions were received by defendant on January 13, 1909. On the same day defendant sent to plaintiff a postal card acknowledging the receipt of $1,000 from the Merchants' & Farmers' Bank, Lewisville, for the credit of plaintiff. On the same day a similar card was sent to the Merchants' & Farmers' Bank, acknowledging the receipt of its draft for $1,000 for credit of the plaintiff. In point of fact the $1,000 never was placed to plaintiff's credit on defendant's books, because the Merchants' & Farmers' Bank had not on deposit a sufficient amount to cover the draft, and on the same day defendant notified the Merchants' & Farmers' Bank that the amount of

the draft could not be placed to the credit of the Walnut Hill Bank until the account of the Merchants' & Farmers' Bank was made good. No notice to this effect seems to have been given to plaintiff. On January 22, 1909, defendant returned the draft to the Merchants' & Farmers' Bank, saying that the latter's account had never been good for the amount of the draft, and consequently it had not been credited, as requested, to the Walnut Hill Bank. The first information which the Walnut Hill Bank received from defendant that it had not in fact been credited with the $1,000 was on or about February 2, 1909, when it received a statement of its account with defendant, upon which the item did not appear. The Merchants' & Farmers' Bank ceased doing business on January 20, 1909.

The plaintiff bases its right to recover upon Oddie v. Nat. City Bank, 45 N. Y. 735, 6 Am. Rep. 160, and other similar cases, which support the rule that the acceptance by a bank of a check drawn upon itself and the crediting of it to the account of the depositor is equivalent to the payment of the check, and the transaction is thereafter closed between the bank and the depositor, provided the paper is genuine. In the Oddie Case the bank had received on deposit a check of a third party drawn on itself, and at once passed it to Oddie's credit, notwithstanding the fact that the account of the drawer of the check was then overdrawn. The point upon which the court laid stress was the placing of the check to Oddie's credit, holding that this was equivalent in legal effect to first paying the money to Oddie and then receiving it back on deposit. In this respect the present case differs essentially from the Oddie Case, because here it appears beyond contradiction that the defendant never did credit the amount of the Merchants' & Farmers' Bank's draft to the credit of plaintiff, and therefore never evinced by that act an intention to assume responsibility for the draft. The notice to the plaintiff that the amount had been placed to its credit was merely an erroneous statement, and was not the equivalent of an actual credit. The judgment, therefore, cannot be sustained upon the first ground stated in the Oddie Case.

There was, however, a second reason assigned for affirming the judgment in that case. The court said:

"I think, also, that the defendants are estopped from claiming that they did not receive the check upon deposit. They entered it and acted upon it as a deposit. The plaintiffs relied upon and acted upon the strength of the acts and admissions of the defendants. The claim now set up is inconsistent with the acts and declarations of the party, and the plaintiffs have been injured by being deprived of the opportunity of retaining the check and reclaiming the considerations, or otherwise securing themselves until the drawers had failed and run away."

The notice sent by defendant to plaintiff that it had recovered the draft for the latter's credit was undoubtedly enough to lay the foundation for an estoppel, if it appeared that plaintiff, in reliance upon such notification, had done anything, or refrained from doing anything, to its damage. It does not, however, so appear upon the present record. All that appears is that the Merchants' & Farmers' Bank ceased doing business on January 20, 1909. This carries no implica-

tion of loss to the plaintiff, because it was misinformed as to the credit of the $1,000 draft.

It follows that the determination of the Appellate Term and the judgment of the City Court must be reversed, and a new trial granted, with costs to the appellant in all courts to abide the event.  All concur.