WALNUT HILL BANK v. NATIONAL RESERVE BANK OF CITY OF NEW YORK.

(Supreme Court, Appellate Term. April 9, 1912.)

1. BANKS AND BANKING (§ 126*)—DEPOSITS—DRAFTS—ESTOPPEL.

In an action on a draft, the evidence showed that defendant bank received a draft drawn on itself by another bank, with instructions to place it to the credit of plaintiff. The same day it notified plaintiff that it had received $1,000 to its credit, and plaintiff thereupon credited the drawer with the amount and forbore any attempt to collect the debt which the drawer owed it on open account. The notice sent by the receiving bank contained the printed words, "All items sent to us are credited subject to payment." At the time the drawer did not have the amount of the draft in the hands of defendant. *Held* that, the draft being on the defendant bank, such printed words were insufficient to prevent the plaintiff bank from pleading an estoppel in its action against defendant.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 305, 309; Dec. Dig. § 126.*]

2. BANKS AND BANKING (§ 126*)—DEPOSITS—DRAFTS—ESTOPPEL.

Where a creditor has been led not to proceed against its debtor by notice from a bank that it had received $1,000 for the creditor's credit from such debtor, which estopped such bank to assert that such was not the fact, the creditor need not proceed first against the primary debtor.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 305, 309; Dec. Dig. § 126.*]

Appeal from City Court of New York, Trial Term.

Action by Walnut Hill Bank against the National Reserve Bank of the City of New York. From a judgment for plaintiff upon a directed verdict, defendant appeals. Affirmed.

See, also, 141 App. Div. 475, 126 N. Y. Supp. 430.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Sullivan & Cromwell (Royall Victor and John K. Byard, of counsel), for appellant.

Louis F. Doyle (C. H. Payne, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LEHMAN, J.   The defendant bank, on January 13, 1909, received from the Merchants' & Farmers' Bank of Louisville, Ark., a check or draft drawn upon defendant bank, and to its order, for the sum of $1,000, with instructions to credit the same to plaintiff's account.   On the same day the defendant sent to the plaintiff a notice upon a printed card, acknowledging the receipt of $1,000 from the Merchants' & Farmers' Bank for the credit of plaintiff.   Upon the card was printed a statement "that all items sent to us are credited subject to payment." On the same day a similar card was sent to the Merchants' & Farmers' Bank.   The defendant did not, however, credit the plaintiff with the sum of $1,000, because the Merchants' & Farmers' Bank did not have a sufficient amount on hand to cover the draft, and the defendant notified the Merchants' & Farmers' Bank on the same day of these facts, but did not send such notification to the plaintiff.   The Merchants' & Farmers' Bank ceased doing business on January 20, 1909.

The plaintiff at the first trial recovered judgment for the amount of this draft, upon the theory that the notification from the defendant bank that it had received $1,000 for credit of the plaintiff acted as an actual credit for that amount, and that under authority of Oddie v. National City Bank, 45 N. Y. 735, 6 Am. Rep. 160, and other similar cases which support the rule that the acceptance by a bank of a check drawn upon itself and the credit of it to the account of the depositor is equivalent to the payment of the check, and the transaction is thereafter closed between the bank and the depositor, provided the paper is genuine, the credit could not thereafter be revoked.   The Appellate Division, however, held (141 App. Div. 475, 126 N. Y. Supp. 430) that this rule did not apply here, because no actual credit was given by the bank on its books, and the notice was merely an erroneous statement.   The court, however, in its opinion stated that:

"The notice sent by defendant to plaintiff that it had received the draft for the latter's credit was undoubtedly enough to lay the foundation for an estoppel, if it appeared that plaintiff, in reliance upon such notification, had done anything or refrained from doing anything to its damage."

[1] Upon the second trial the sole question litigated was the existence of this estoppel.   It appears that this draft was sent to the defendant by the Merchants' & Farmers' Bank, of Louisville, Ark., on January 8th, and that on the same day the Merchants' & Farmers' Bank notified the plaintiff to this effect.   This notification was received by the plaintiff on January 11th, and it immediately credited this amount to the Merchants' & Farmers' Bank and debited it against the defendant bank.   On January 16th it received the postal which it seeks to use as the "foundation for an estoppel" from the defendant.   Thereafter it made no change on its books, and its cashier testified:

"The plaintiff did refrain from making any effort to collect the indebtedness of the Merchants' & Farmers' Bank to the plaintiff in consequence of the receipt of the postal card from the defendant to the plaintiff notifying them that $1,000 had been received from the Merchants' & Farmers' Bank for plaintiff's credit.   But for the receipt of the card from the defendant, the plaintiff would have made a strong effort to collect the $1,000, now in litigation with the National Reserve Bank, from the Merchants' & Farmers' Bank."

The evidence further shows that the Merchants' & Farmers' Bank was at all times from January 8th indebted to the plaintiff in a sum

very considerably exceeding the $1,000 in litigation. The question upon this appeal is whether or not these circumstances are sufficient to estop the defendant from asserting that it did not accept the sum of $1,000 as a credit for the plaintiff.

The plaintiff was informed by its debtor that it had sent $1,000 to plaintiff's credit to the defendant bank of which the plaintiff was a depositor. The plaintiff then received from the defendant the notification that this amount was received and placed to its credit, and it had a right to rely upon the truth of this statement. It seems to me that there is grave doubt as to whether the printed words placed at the bottom of this card could be considered as having any application to this particular transaction, or whether this notice is not an absolute and unambiguous statement that the amount credited to the plaintiff was actually paid. Assuming, however, that the plaintiff was bound, if possible, to apply the printed words as a limitation upon the written statement, I think that the card still is a sufficient foundation for an estoppel. In one aspect the printed words, "All items sent to us are credited subject to payment," are meaningless and of no effect. The draft was made upon the defendant itself, and, if the amount was credited to the plaintiff, then it must be regarded as actually paid, and the transaction terminated, under authority of Oddie v. National City Bank, supra.

In another aspect, however, they seem to me of some importance. While the defendant is bound by its words, if the plaintiff has acted upon them, the question is, not only what effect would these words have had upon the relations of the parties, if they had been true, but also what effect could they reasonably have had in misleading the plaintiff to its damage. In this aspect we must examine the construction which the plaintiff would naturally have given them. There is no evidence that the plaintiff knew that the draft sent by the Merchants' & Farmers' Bank was drawn on the defendant, and it may have supposed that the credit was to become irrevocable only when paid by some other drawee. In any event, however, it had a right to rely upon the assertion that the defendant had received either money or a mercantile instrument for the payment of money, which had been placed to its credit, and which it could accept in place of the primary obligation of the Merchants' & Farmers' Bank. If this credit was obtained by means of a draft upon the defendant, it was immediately irrevocable; if obtained by a draft upon some other drawee, it would have become irrevocable as soon as paid. Not only was the plaintiff, even in the latter alternative, led to believe that it possessed rights to claim this amount against some third party, instead of against its immediate debtor, but it was lulled into security as to the financial soundness of its primary debtor.

[2] In determining the probability of the claim that by the receipt of this card the plaintiff was induced to refrain from active steps against its debtor, the relations existing between these parties are material. Previous to January 8th the Merchants' & Farmers' Bank was indebted to the plaintiff in a considerable amount on a running account. On January 11th it received notice that a part payment was

made of this amount by New York credit. Relying upon this statement, it had credited this amount to the account of its debtor. It then took no further steps until it received a notice in due course of mail from the defendant that this credit was received. All this was exactly in accordance with what plaintiff should have expected from a solvent debtor. If, on the other hand, it had failed to receive this notice in due course, there is no reason to believe that it would not have immediately taken steps to inquire why the New York credit promised by its debtor was not forwarded, and enforced its right against its debtor. Its statement that it refrained from doing so by reason of the notification from the defendant is to my mind extremely probable. Having relied upon this notification, the plaintiff is entitled to the benefit of the rule which estops a person making an untrue statement from denying its truth as against an innocent party relying upon it to his damage. Having been prevented from taking steps to obtain this money from its debtor, the plaintiff is entitled to claim the amount from the defendant, upon whose statement it relies. It need not first exhaust its rights against the primary debtor; in fact, any attempt to enforce such rights might conceivably be held to be a waiver of its rights as against the defendant. If the estoppel is to be enforced, the defendant, and not the plaintiff, is the present creditor of the insolvent bank for the amount in litigation.

The defendant urges, also, that the pleadings are insufficient to admit this proof. It seems to me that this contention is without merit. See Oddie v. Bank, supra; Payne v. Burnham, 62 N. Y. 69; Vellum v. Demerle, 65 Hun, 543, 20 N. Y. Supp. 516; Larremore v. Squires, 30 Misc. Rep. 62, 62 N. Y. Supp. 885.

Judgment should be affirmed, with costs. All concur.