WALNUT HILL BANK v. NATIONAL RESERVE BANK OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   January 3, 1913.)

BANKS AND BANKING (§ 126*)—DEPOSITS—DRAFTS—ESTOPPEL.

In an action on a draft, drawn on defendant bank with instructions to place it to the credit of plaintiff bank, where it appeared that defendant on the same day notified plaintiff that it had received the draft to its credit, and that but for the notice the plaintiff would have made a strong effort to collect the amount from the drawer, plaintiff, without a showing that it sustained damage by not making an effort to collect, or that, if it had, the debt or some part of it could have been collected, could not recover.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 305–309; Dec. Dig. § 126.*]

Miller, J., dissenting.

Appeal from Appellate Term, First Department.

Action by the Walnut Hill Bank against the National Reserve Bank of the City of New York. From a determination of the Appellate Term (76 Misc. Rep. 220, 134 N. Y. Supp. 756), affirming a judgment in favor of plaintiff entered upon a directed verdict, defendant appeals. Reversed, and new trial ordered.

See, also, 76 Misc. Rep. 208, 134 N. Y. Supp. 504.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

John K. Byard, of New York City, for appellant.

C. H. Payne, of New York City, for respondent.

PER CURIAM. This action was brought in the City Court, and there have been two trials. Upon the first trial plaintiff had a judgment, which was affirmed by the Appellate Term, and its determination reversed by this court, and a new trial ordered. 141 App. Div. 475, 126 N. Y. Supp. 430. The second trial also resulted in a judgment in favor of the plaintiff, which was affirmed by the Appellate Term, and the defendant appeals from that determination.

The facts are fully set forth in the opinion delivered on the former appeal, so that it is unnecessary to restate them. It was there said that:

"The notice sent by defendant to plaintiff that it had recovered the draft for the latter's credit was undoubtedly enough to lay the foundation for an estoppel, if it appear that plaintiff, in reliance upon such notification, had done anything, or refrained from doing anything, to its damage."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On the second trial proof was offered for the purpose of showing, that the defendant was estopped from asserting that the draft had, in fact, been credited to the plaintiff. The testimony of plaintiff's cashier was taken by commission, and he testified, in answer to a question whether the plaintiff refrained from doing anything with respect to the indebtedness of the Merchants' & Farmers' Bank, in consequence of the receipt of the postal card from the defendant to the effect that the draft had been received for its credit, that:

"But for the receipt of the card from the defendant, the plaintiff would have made a strong effort to collect the $1,000, now in litigation with the National Reserve Bank, from the Merchants' & Farmers' Bank."

It is claimed that this additional proof brings the case within our former decision, entitling the plaintiff to recover. This would be so, if the defendant had proved, in addition, that it sustained damage by reason of its not making "the effort to collect." It was bound to prove that it not only did not do anything, but, if it had, the debt, or some part of it, could have been collected.

The determination of the Appellate Term is therefore reversed, and a new trial ordered, with costs to appellant to abide event.

MILLER, J., dissents.