HENRI PELANNE and Others, Appellants, *v.* HERMAN SECHESTOWER and ISAAC BALSAM, Respondents.

First Department, January 10, 1919.

**Partnership — pleading — complaint — allegation of partnership of defendants and breach of contract by firm — issues — admissibility of evidence as to existence of partnership prior to transaction in question.**

Where a complaint alleged the partnership of the defendants and a breach of a contract by the firm, and proof of the partnership at the time of the transaction in question was held insufficient by the trial court, the plaintiffs were entitled, without amending their complaint, to offer proof that at times prior to said transaction the defendants were partners, and that the plaintiffs had dealings with them as such and had not been notified of any dissolution of the firm.

APPEAL by the plaintiffs, Henri Pelanne and others, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 13th day of February, 1918, upon a dismissal of the complaint by direction of the court at the close of plaintiffs' case.

*Hugart F. Norman* of counsel [*Wilber, Norman & Kahn,* attorneys], for the appellants.

*Bernard Breitbart* of counsel [*Breitbart & Breitbart,* attorneys], for the respondents.

PER CURIAM:

The complaint alleged the partnership of defendants and a breach of the contract by that partnership. The defendant Balsam alone was served and appeared in the action and his answer was a general denial. Proof was offered of the partnership at the time of the transaction in question which was held insufficient by the trial court. Proof was then offered by the plaintiffs that at times prior to this transaction in question the defendants were partners and that the plaintiffs had dealings with them as such partners and had not been notified of any dissolution of that partnership which it was claimed had taken place prior to the transaction in question. This the court refused to allow the plaintiffs to show on the ground that having pleaded a partnership such proof was incompetent under the pleadings. After this ruling the plaintiffs also asked leave to withdraw a juror and apply at Special Term for an amendment of the complaint, which motion was denied. Judgment was then directed for the defendants, dismissing plaintiffs' complaint.

Under the rule laid down in *Vellum* v. *Demerle* (65 Hun, 543) we are of opinion that the plaintiff should have been allowed to make the proof offered without amendment of the complaint. The judgment should be reversed and a new trial granted, with costs to appellants to abide the event.

Present — CLARKE, P. J., LAUGHLIN, SMITH, PAGE and MERRELL, JJ.

Judgment reversed and new trial ordered, with costs to appellants to abide event.